UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT D. SHOWALTER,<br><br>      Plaintiff,<br><br>v.<br><br>BOISE COUNTY, IDAHO; RYAN T. STIRM; STEVEN M. TWILEGAR; and ROBERT T. HOLMES,<br><br>      Defendants. | Case No. 1:21-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Robert Showalter's Motion to Remand (the "Motion"). Dkt. 4. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Showalter's Motion. The Motion is granted to the extent that the underlying request to remand is granted, but the Motion is denied as it relates to attorney fees.

## II. BACKGROUND

In this case, Showalter contends that he was wrongfully terminated in retaliation for his work protecting the health and safety of Boise County residents in his position as Emergency Management Coordinator during the COVID-19 pandemic. Dkt. 1-2.

Showalter filed this lawsuit in the Fourth Judicial District of the State of Idaho on September 15, 2021. Dkt. 1-2. His Complaint includes the following four claims: (1) Wrongful Termination Violation of Public Policy Exception to the At Will Employment Doctrine; (2) Wrongful Termination Violation of the Idaho Open Meetings Law Title 74 Chapter 2 of the Idaho Code; (3) Retaliation; and (4) Negligent Infliction of Emotional Distress. *Id.*

On October 13, 2021, Defendants removed the case to this Court, believing that the retaliation claim was a federal claim and gave this Court subject matter jurisdiction. Dkt. 1.

Showalter then filed the instant Motion, requesting the Court to remand the case back to state court. Dkt. 4. Showalter asserts that his retaliation claim derives from Idaho state common law. Additionally, Showalter requests "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c). On November 12, 2021, the Defendants filed their Response to the Plaintiff's Motion to Remand. Dkt. 5. On November 15, 2021, Showalter filed his Reply in Support of Motion to Remand. Dkt. 7.

### III. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and "[w]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v.*

*State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). There is a "strong presumption" against removal, and the removal statute is strictly construed against removal. *Hansen*, 902 F.3d at 1056–57. Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Supreme Court has found that a case "arises under" the Constitution in two circumstances. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). First, and "most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Id.* However, even if a claim originates under state law, federal jurisdiction may still exist in "a special and small category of cases." *Id.* In this second category, a federal court may exercise jurisdiction over a state law claim if the claim "necessarily raises a stated federal issue, [that is] actually disputed and substantial" and that a federal court "may entertain without disturbing any congressionally approved balance of federal and state power." *Id.* (cleaned up).

"Federal question jurisdiction lies . . . only if it appears from the face of the complaint that determination of the suit depends upon a question of federal law." *Id.* (cleaned up). "[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961). Under the well-pleaded complaint rule, "as the 'master

MEMORANDUM DECISION AND ORDER - 3

of the claim,' the plaintiff can generally 'avoid federal jurisdiction by exclusive reliance on state law.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).

### IV. DISCUSSION

There is no dispute that Counts I, II, and IV are state law claims and do not create federal question jurisdiction. At issue here is Count III—the retaliation claim. Showalter asserts that it is a state law claim, but Defendants argue it is a federal Title VII claim.

In his Complaint, Showalter sets forth the elements of a retaliation claim:

> To establish a prima facie case of retaliation, the Ninth Circuit Court of Appeals and the Idaho Supreme Court have held that a Plaintiff must establish that Plaintiff was (1) engaged in a protected activity, (2) suffered an adverse employment action, and (3) establish that there was a causal link between the protected activity and adverse employment action. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1004–1005 (C.A.9 (Cal.), 2002); *Patterson v. State, Dept. of Health & Welfare*, 151 Idaho 310, 318, 256 P.3d 718, 726 (Idaho, 2011).

Dkt. 1-2, at ¶ 125.

The confusion arises from the citation to the Ninth Circuit case. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps* concerned a Title VII retaliation claim, under 42 U.S.C. § 2000e-3(a).[1] 303 F.3d 994 (9th Cir. 2002). Defendants assert that Showalter's retaliation claim likewise arises under Title VII.

However, Showalter also cited the Idaho Supreme Court case *Patterson v. State, Dep't of Health & Welfare*, 256 P.3d 718 (Idaho 2011). In *Patterson*, the Idaho Supreme

---

[1] The Court acknowledges that the Ninth Circuit withdrew its opinion of *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994 (9th Cir. 2002) after a rehearing en banc. *See E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 744 (9th Cir. 2003).

Court looked to the federal Title VII standard for retaliation to determine the elements of a state law retaliation claim, and the court cited to *E.E.O.C. v. Luce, Forward, Hamilton & Scripps* for those elements. *Patterson*, 256 P.3d at 726. Showalter followed the Idaho Supreme Court's lead and cited to the same case for the federal Title VII standard for his retaliation claim. Showalter argues that the two citations together set forth a state law retaliation claim, not a federal Title VII retaliation claim.

What's more, Showalter's Complaint is facially insufficient to allege a Title VII claim. Under Title VII, an employer's practice is unlawful when one discriminates against an employee based on the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. As Showalter points out, and the Court agrees, "[n]owhere in Mr. Showalter's complaint was it alleged that he was terminated in whole or in part because of his race, color, religion, sex, or national origin." Dkt. 4-1, at 8. Because Showalter's retaliation claim does not allege discrimination based on race, color, religion, sex, or national origin, it is not a prima facie Title VII claim. It makes little sense that Showalter would bring a claim under Title VII without alleging any discrimination.

Showalter argues that his retaliation claim is a state law claim based on the public policy exception to at-will employment. Dkt. 8, at 5. The Court will not address the validity and merits of this retaliation claim under state law, leaving it to the state court to determine whether Showalter has a claim for retaliation.

When there is doubt as to federal jurisdiction, as there is here, remand is favored. *Gaus*, 980 F.2d at 566. Though the Complaint recites the prima facie elements of a Title VII claim as stated by the Defendants, it does not appear that Showalter is masking a Title

MEMORANDUM DECISION AND ORDER - 5

VII claim as a state law claim here because he did not allege any type of discrimination requisite for a federal Title VII claim. The Complaint may be imprecise, but that imprecision is not sufficient to overcome the strong presumption against removal. *See Hansen*, 902 F.3d at 1056–57.

Simply put, Defendants have not met their burden in proving there is federal subject matter jurisdiction, so the Court must remand. *See Chandler*, 598 F.3d at 1122. As such, the Court REMANDS this action back to the state court.

### V. ATTORNEY FEES AND COSTS

Finally, the Court will not award attorney fees and costs to Showalter in this matter. The Court has wide discretion in awarding attorney fees. However, the scope is narrowed when it comes to attorney fees based on removal, under 28 U.S.C. § 1447(c). The goal of awarding fees under § 1447(c) is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141.

In this case, Defendants had a reasonable basis to seek removal because the face of Showalter's Complaint relied on Title VII caselaw. Although the Court ultimately discerned that it lacked jurisdiction, the Court will not penalize Defendants for reasonably misinterpreting Showalter's imprecise retaliation claim. Therefore, the Court declines to

award fees and costs to Showalter.

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiffs' Motion to Remand (Dkt. 4) is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that the underlying request to remand is GRANTED.

    a. This case is REMANDED back to the Fourth Judicial District of the State of Idaho.

    b. Plaintiff's request for Attorney's Fees and Costs is DENIED.

DATED: February 18, 2022

David C. Nye
Chief U.S. District Court Judge